PER CURIAM.
This interlocutory appeal by the defendant below is from an order which sustained objections to defendant’s discovery notice to produce, “without prejudice to the defendant to file such other notice as he may be advised”.
The plaintiff filed an action against her brother, seeking, as to certain properties, to restrain transfer or encumbrance thereof and to require the rents therefrom to be paid into the registry of the court; an accounting by the defendant with reference to his “stewardship” of the properties; and to set aside the prior transfers of her interests in said properties, made by plaintiff to defendant or at his direction.
It was alleged that eleven years previously, when the parties as tenants in common owned certain properties (not listed nor described), the plaintiff suffered serious injuries in an automobile accident, as a result of which she spent nine months in a hospital (except for a brief period or two); that while she was thus ill and hospitalized, the defendant had advised her it would be of benefit to plaintiff and her three children for her to transfer her interests in such properties, in trust; that she signed deeds which defendant suggested; that plaintiff could not recall the purposes for which she signed the papers, but that it was never her intention, nor was it explained to her, that she should divest herself of her interests in favor of her brother.
It was further alleged that after plaintiff recovered from her automobile accident she continued to have physical, emotional, and matrimonial problems from time to time, and that it was agreed the properties would remain in defendant’s name until plaintiff should ask for reconveyance; that defendant collected the rents from such properties during that period “and did presumably account” to plaintiff therefor; and that two years prior to the filing of the action the defendant disclaimed plaintiff’s interests in the properties and refused to pay her income therefrom or account therefor.
The defendant obtained an order postponing the filing of his answer until after discovery. Defendant noticed the plaintiff for a discovery deposition, and filed a notice to produce documents for use incident to *1243 the deposition. Plaintiff filed objections to the notice to produce, stating four grounds: (1) that the plaintiff did not have the documents [she had delivered them to her attorney]; (2) that the documents required were not set forth with specificity; (3) that the documents were privileged; and (4) that the period of time involved was of such extent that the documents required to be produced would be immaterial and could not lead to discovery evidence.
On consideration of the order appealed from in the light of the record and briefs, we hold that sustaining the objection was properly within the court’s discretion for the requests in the notice other than in Paragraphs Nos. 5, 6 and 10. As to the requests in the paragraphs other than the three just mentioned, the plaintiffs objection No. 2, as to lack of specificity, was ground for their rejection. Included in some of those paragraphs were requests for production of stated documents which would have been proper as basis for their production if the request had been limited thereto. However, the requests in which they were embodied were too inclusive and called for production of excessive and unspecified papers.
Paragraph 5, for production of any hospital records which the plaintiff had, relating to her said hospitalization; Paragraph 6, calling for deeds (which would include copies of deeds) to the properties involved; and Paragraph 10, for production of documents relating to defendant’s alleged disclaimer of plaintiff’s property interests and refusal to pay over or account for income from the properties, were not lacking in specificity and were not subject to rejection on the other grounds of objection stated by the plaintiff. Those three requests for production should not have been denied and to that extent the order was in error.
The order appealed from is affirmed in part and reversed in part, as and in the respects set out above.